1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   ROBERTO CARLOS RUIZ,                )    Case No. 08-CV-1376-J (JMA)
                                         )
12                   Petitioner,         )
                                         )
13   v.                                  )    **REPORT AND RECOMMENDATION**
                                         )    **GRANTING MOTION TO DISMISS**
14   KEN CLARK, Warden,                  )    **PETITION FOR WRIT OF HABEAS**
                                         )    **CORPUS**
15                   Respondent.         )
                                         )    **[Doc. No. 8]**
16   _____ )

17

18   **I.      INTRODUCTION AND PROCEDURAL BACKGROUND**

19        A jury convicted Petitioner of forcible rape (Cal. Penal Code § 261(a)(2)),

20   attempted forcible oral copulation (Cal. Penal Code §§ 664/288a(c)(2)), two counts of

21   forcible sodomy (Cal. Penal Code §§ 286(c)(2)), two counts of first degree robbery (Cal.

22   Penal Code §§ 211/212.5(a)), making a criminal threat (Cal. Penal Code § 422),

23   dissuading a witness by force or threat (Cal. Penal Code § 136.1(c)(1)), two counts of

24   oral copulation in concert (Cal. Penal Code § 288(a)(d)), two counts of forcible oral

25   copulation (Cal. Penal Code § 288a(c)(2)) and sodomy while acting in concert (Cal.

26   Penal Code § 286(d)).  The jury found Petitioner used a knife in the commission of all

27   counts (Cal. Penal Code § 12022(b)(1).  Additionally, in the convictions for forcible rape,

28   attempted forcible oral copulation and sodomy of victim Betty R., the jury found Peti-

1    tioner used a deadly weapon (knife) in violation of Cal. Penal Code § 12022.3(a).

2    Petitioner admitted having served a prior prison term within the meaning of California

3    Penal Code § 667.5(b).  On July 28, 2003, the trial court sentenced Petitioner to an

4    aggregate term of 47 years and 4 months in prison.  (Petn. at 4; Lodgment No. 1 at 2-3)

5         Petitioner appealed, and the Court of Appeal unanimously affirmed the judgment

6    in an opinion filed on June 28, 2004 (Lodgement No. 1).  Petitioner did not seek further

7    review in the California Supreme Court (Petn at 4).  The judgment in this case therefore

8    became final 40 days later on August 7, 2004. While his appeal was pending, Petitioner

9    filed a petition for writ of habeas corpus in San Diego County Superior Court in Case

10   No. HSC 10713 on July 12, 2004 (See Attachment to Petn. at 2).  The petition was

11   denied on October 7, 2004.  (Exhibit attached to Lodgment 2; see also Attachment to

12   Petn. at 2).

13        On December 17, 2004, Petitioner filed a petition for writ of habeas corpus in the

14   California Court of Appeal in Case No. D045552. (Lodgment No. 2).  The state appellate

15   court denied the petition on February 7, 2005.  (Lodgment No. 3).  On April 29, 2005,

16   Petitioner filed a petition for writ of habeas corpus in the California Supreme Court in

17   Case No. S133447.  The Supreme Court denied the petition on March 29, 2006, without

18   citation or comment (Lodgment No. 4).  Petitioner took no further action for the next one

19   year and two months.

20        On June 20, 2007, Petitioner filed a second petition for writ of habeas corpus in

21   San Diego County Superior Court in Case No. HSC 10713. (See Attachment to Petn. at

22   3).  The petition was denied in an order filed on July 5, 2007.  (Attachment to Petn. at 4)

23   On July 26, 2007, Petitioner filed a second petition for writ of habeas corpus in the

24   California Court of Appeal in Case No. D051327.  (Lodgment No. 5).  The state appel-

25   late court denied the petition on October 9, 2007.  (Lodgment No. 6).

26        On December 19, 2007, Petitioner filed a second petition for writ of habeas

27   corpus in the California Supreme Court in Case No. S159245.  The Supreme Court

28   denied the petition on June 11, 2008, citing to *In re Clark*, 5 Cal. 4th 750 (1993) and *In*

*re Robbins*, 18 Cal. 4th 770, 780 (1998) (Lodgment No. 7; see Attachment to Petn.)

Petitioner constructively filed this federal Petition for Writ of Habeas on July 24, 2008. [Doc. No. 1]  On February 4, 2009, Respondent filed a Motion to Dismiss the Petition, contending that it was time-barred by the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)[1].  [Doc. No. 8]  Petitioner requested three extensions of time to file his Opposition [Doc. Nos. 9, 11, 13], each of which was granted [Doc. Nos. 10, 12, 14], and filed a one-page Opposition on July 9, 2009. [Doc. No. 16]  As discussed below, the Petition should be dismissed with prejudice because it is time-barred.

## II.    THE PETITION IS TIME-BARRED UNDER THE AEDPA STATUTE OF LIMITA-TIONS

Ruiz's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which places a one-year statute of limitations on the filing of petitions for writs of habeas corpus.  28 U.S.C. § 2244(d).  Here, the statute of limitations period began to run from the date Ruiz's judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A).  Ruiz's  conviction became final on August 7, 2004 -- 40 days after the Court of Appeal filed its opinion.  Cal.R.Ct. 8.264(b)(1), 8.500(e)(1); *Hemmerle v. Arizona*, 495 F.3d 1069, 1073-74 (9th Cir. 2007).  Absent tolling, the one-year statute of limitations period would have expired on August 7, 2005.  Petitioner did not constructively file his Petition until July 24, 2008, almost three years after the expiration of the statute of limitations.

### A.    Statutory Tolling

---

[1]28 U.S.C. § 2244(d)(1) states: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of — (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

1    Ruiz is entitled to statutory tolling for the period of time he diligently sought post-

2    conviction relief in state court.  28 U.S.C. § 2244(d)(2); *Harris v. Carter*, 515 F.3d 1051

3    (9th Cir. 2008) ("AEDPA tolls the one-year limitations period while a 'properly filed

4    application' for postconviction review is pending in state court.")  State collateral review

5    only tolls the one-year period; it does not delay its commencement.  *See Laws v.*

6    *Lamarque*, 351 F.3d 919 (9th Cir. 2003).

7    Here, Petitioner began to seek collateral relief in this case before his judgment

8    was final in 2004 and continued with one full round of collateral petitions through 2006,

9    when the California Supreme Court denied his first petition filed in that court on March

10   29, 2006.  (Lodgment Nos. 2-4).  Even if Petitioner was entitled to statutory tolling for

11   that entire period, Petitioner's action is time-barred because he took no further action

12   until June 20, 2007, over one year later.  During this period, the statute of limitations

13   expired.

14   Although Petitioner later pursued additional collateral actions in the state courts

15   (Lodgment Nos. 5-7), statutory tolling cannot revive the limitations period; it can only

16   serve to pause a clock that has not already run.  *Patterson v. Stewart*, 251 F.3d 1243

17   (9th Cir. 2001); *Green v. White*, 223 F.3d 1001 (9th Cir. 2000).  Once the statute has

18   run, the filing of a state habeas petition cannot revive it.  *See Jiminez v. Rice*, 276 F.3d

19   478, 482 (9th Cir. 2001).  Accordingly, none of Petitioner's collateral filings in 2007 and

20   2008 had any effect on the AEDPA statute of limitations, because the limitations period

21   had already expired by no later than March 29, 2007 -- before Petitioner began filing his

22   second round of collateral actions in the state courts starting on June 20, 2007.  *Id.*

23   Furthermore, it is important to note that the state courts specifically denied all three of

24   Petitioner's second round of collateral filings on procedural grounds, including the

25   ground that they were untimely under California state law.  (Attachment to Petn.;

26   Lodgments 6-7).  Untimely or procedurally defective state petitions are improperly filed

27   and do not toll the statute of limitations.  *Pace v. DiGuglielmo*, 544 U.S. 408, 417

28   (2005); *Harris*, 515 F.3d at 1053.

**B.    Equitable Tolling**

AEDPA's statute of limitations is subject to equitable tolling only when the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way." *Pace,* 544 at 418; *Harris*, 515 at 1054-55.  A petitioner bears the burden of showing that equitable tolling is appropriate and must establish that extraordinary circumstances caused the delay in filing the federal petition.   *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  Here, Petitioner did not request equitable tolling and has failed to demonstrate that he pursued his rights diligently or that some extraordinary circumstance delayed him from timely filing his petition.  Thus, Petitioner has failed to demonstrate that equitable tolling should apply to extend the statute of limitations in this case.

**III.     CONCLUSION AND RECOMMENDATION**

After a thorough review of the record in this matter, the undersigned magistrate judge finds that Petitioner did not timely file his Petition under the AEDPA.  Therefore, this Court hereby recommends that Respondent's Motion to Dismiss the Petition be **GRANTED**, the Petition be **DISMISSED WITH PREJUDICE**, and that judgment be entered accordingly.

This Report and Recommendation is submitted to the Honorable Napoleon A. Jones, Jr., United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that not later than **September 2, 2009**, any party may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*,

08-cv-1376-J

1 | 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

2 | **IT IS SO ORDERED.**

3 | DATED:  August 11, 2009

4

5

6 | Jan M. Adler
U.S. Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08-cv-1376-J