UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO CARLOS RUIZ,<br><br>                               Petitioner,<br><br>           v.<br><br>KEN CLARK, Warden,<br><br>                               Respondent. | Civil No.   08cv1376 J (JMA)<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION; and**<br><br>**(2) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE** |

Before this Court is Magistrate Judge Jan M. Adler's Report and Recommendation ("R&R") recommending that the Court grant Respondent Ken Clark's ("Respondent") motion to dismiss the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2244(d) with prejudice. This court has considered the Petitioner Roberto Carlos Ruiz's ("Petitioner" or "Ruiz") Petition, Respondent's Motion to Dismiss, and all supporting documentation submitted by the parties. Having considered these documents, this Court **ADOPTS** the R&R and **DISMISSES** Ruiz's Petition for Writ of Habeas Corpus with prejudice.

*Procedural Background*

A jury convicted Petitioner of forcible rape, attempted forcible oral copulation, two counts of forcible sodomy, two counts of first degree robbery, making a criminal threat, dissuading a witness by force or threat, two counts of oral copulation in concert, two counts of forcible oral copulation, and sodomy while acting in concert. The jury found that Petitioner used

a knife in the commission of all counts. Further, in the convictions of forcible rape, attempted forcible oral copulation, and sodomy of victim Betty R., the jury determined that Petitioner used a deadly weapon, a knife, in violation of Cal. Penal Code § 12022.3(a). Petitioner appealed the conviction to the California Court of Appeal. On June 28, 2004, the court unanimously upheld the conviction (Lodgment No. 1). Petitioner did not appeal his conviction to the California Supreme Court. (Pet. at 4). Thus, the judgment became final 40 days after the California Court of Appeal's decision on August 7, 2004.

On July 12, 2004, while his appeal was pending, Petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court. (See Attachment to Pet. at 2). The superior court denied the petition on October 7, 2004. (Exhibit attached to Lodgment 2; see also Attachment to Pet. at 2). On December 17, 2004, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. (Lodgment No. 2). The appellate court denied the petition on February 7, 2005. (Lodgment No. 3). On April 29, 2005, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, and the court denied the petition on March 29, 2006, without citation or comment. (Lodgment No. 4).

On June 20, 2007, Petitioner filed a second petition for writ of habeas corpus in the San Diego County Superior Court. (See Attachment to Pet. at 3). The superior court denied the petition in an order filed on July 5, 2007. (Attachment to Pet. at 4). On July 26, 2007, Petitioner filed a second petition for writ of habeas corpus in the California Court of Appeal. (Lodgment No. 5). The appellate court denied the petition on October 9, 2007. (Lodgment No. 6). On December 19, 2007, Petitioner filed a second petition for writ of habeas corpus in the California Supreme Court. The Supreme Court denied the petition on June 11, 2008. (Lodgment No. 7; see Attachment to Pet.).

Petitioner filed the current federal habeas petition before this court on July 24, 2008. [Doc. No. 1.] On February 4, 2009, Respondent filed a Motion to Dismiss the Petition, asserting that the petition was time-barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). Petitioner requested [doc. nos. 9, 11, 13], and the Court granted, three time extensions to file his Opposition [doc nos. 10, 12, 14]. On July 9, 2009, Petitioner filed a one-page Opposition.

Magistrate Judge Jan Adler filed an R&R on August 11, 2009. Petitioner filed objections to the R&R on September 8, 2009.

### *Legal Standard*

**I.      Statute of Limitations for Federal Habeas Corpus Petitions**

Unless tolled, the AEDPA imposes a one-year statute of limitations to petitions seeking habeas corpus relief. *See Evans v. Chavis*, 546 U.S. 189, 189 (2006). The one-year statute of limitations shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A state post-conviction application tolls the statute of limitations only for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Under California's collateral review system, a petitioner must file an original petition for writ of habeas corpus with each court within a reasonable period of time. *Carey v. Saffold*, 536 U.S. 214, 221-22 (2002). If the time period between filings is reasonable, then the state petition is "pending" between filings and the statute of limitations is tolled for the entire time period that the petitioner is pursuing his state collateral review process. *Id.* at 222-223.

**II.     Reviewing Magistrate Judge's R&R**

A district court may designate a magistrate judge to propose recommendations in connection with the disposition of "applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1). A party may object within ten days after being served with a copy of the magistrate judge's proposed findings. *Id.* The district judge shall then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) (2009); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a 'de novo determination' . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.").

*Discussion*

**I.     Statute of Limitations**

Under 28 U.S.C. § 2244(d), Petitioner must file a petition for writ of habeas corpus in federal court within one year from the date his conviction became final. Here, Petitioner did not seek further review from the California Supreme Court after the California Court of Appeal upheld his conviction on June 28, 2004. Accordingly, under California law, Petitioner's conviction became final 40 days after the California Court of Appeal filed its opinion. Cal.R.Ct. 8.264(b)(1), 8.500(e)(1). Thus, the judgment became final, triggering the beginning of the statute of limitations, on August 7, 2004. Absent tolling, the one-year statute of limitations would have expired on August 7, 2005.

Petitioner filed his petition for writ of habeas corpus with this court on July 24, 2008, almost four years after his conviction became final and three years after the expiration of the statute of limitations. In his Objection to the R&R, he lists several reasons why he failed to meet the one-year statute of limitations. [Doc. No. 18., p. 2] Nonetheless, consistent with 28 U.S.C. § 2244(d), his petition is barred unless the statute of limitations period was tolled on statutory or equitable grounds. *See, e.g., Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002).

**II.    Statutory Tolling**

28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." In California, absent a prisoner's undue delay, the petition for writ of habeas corpus is considered pending during the time between a lower court's decision on the petition and the filing of a new petition in a higher court. *See Carey v. Saffold*, 536 U.S. 214, 224-25 (2002) (recognizing that "original writs in California function like appeals").

Petitioner originally filed a petition for writ of habeas corpus in 2004, before his judgment was final. He completed one full round of collateral petitions, ending on March 29, 2006, when the California Supreme Court denied his first petition. Assuming that statutory tolling applied to Petitioner's claim until the California Supreme Court's decision, the one-year statute of limitations would have expired on March 29, 2007.

Petitioner did not take further action until more than a year after the California Supreme Court denied his first petition. He filed a second petition for writ of habeas corpus in the San Diego Superior Court on June 20, 2007. However, Petitioner's additional claims cannot revive statutory tolling once the statute of limitations has expired. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). Thus, all of Petitioner's second round of collateral petitions are time-barred because they were filed after the statute of limitations ran on March 29, 2007.

Further, the three state courts found that Petitioner's second round of habeas corpus petitions were untimely under California state law. (Attachment to Pet.; Lodgments 6-7). If, under state law, a postconviction petition is untimely, statutory tolling does not apply. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

### III.    Equitable Tolling

Equitable tolling of the AEDPA's one-year statute of limitations is permissible "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (quotations omitted). Such tolling is "unavailable in most cases." *Id.* However, where "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Id.*

The prisoner bears the burden of showing that such "extraordinary circumstances" exist and that equitable tolling should apply. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Here, Petitioner has not shown that he pursued his claims diligently, nor has he shown that extraordinary circumstances existed which prevented him from timely filing the petition. He waited almost fifteen months from the time the California Supreme Court denied his first petition for writ of habeas corpus on March 29, 2006, to the time he filed a second writ of habeas corpus in the San Diego Superior Court on June 20, 2007. Additionally, even if Petitioner could show that he diligently pursued his claims, he has not met the burden of showing any extraordinary circumstance existed, a necessary prerequisite to trigger equitable tolling under the AEDPA. Therefore, equitable tolling is not applicable to extend the AEDPA's one-year statute of limitations in this case.

*Conclusion*

For the reasons above, this Court **ADOPTS** the R&R and, accordingly, **DISMISSES** Ruiz's Petition for Writ of Habeas Corpus with prejudice.

**IT IS SO ORDERED.**

DATED: September 24, 2009

HON. NAPOLEON A. JONES, JR.
United States District Judge